IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 06-0292-WS-B ) |
| ASHLEY PITTS, | ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to correct clerical error and to amend final judgment by default. (Doc. 12). The complaint alleged that, on or about August 28, 2005, a 1998 Cobia Boats 21 Center Console vessel was involved in an incident that damaged the vessel, which was then insured under a policy issued by the plaintiff. (Doc. 1, ¶ 8). The complaint further alleged that the policy provides no coverage for damages caused by this incident because the 1998 Cobia was then in an unseaworthy condition. (*Id*., ¶¶ 13-30). The complaint demanded judgment declaring that the policy excludes, or does not afford, coverage "for the incident of August 28, 2005," due to breach of the warranty of seaworthiness. (*Id*. at 7). When the defendant failed to appear or defend, the Court on motion entered default judgment consistent with the demand contained in the complaint. (Doc. 11).

The pending motion discloses that the complaint erroneously identified the vessel at issue and that the vessel actually at issue is a 1973 Bertram Yachts 28 Flybridge Cruiser. (Doc. 12, ¶ 3). The plaintiff asserts that this incorrect identification in the complaint is the result of "clerical error on the part of the Plaintiff" and invokes Federal Rule of Civil Procedure 60(a) to correct the error by amending the judgment to accurately identify the vessel at issue. (*Id*., ¶¶ 3, 5).

Rule 60(a) is available to correct "[c]lerical mistakes in judgments, orders or other parts of the record," Fed. R. Civ. P. 60(a), but "errors that affect substantial rights of the parties ... are beyond the scope of rule 60(a)." *Weeks v. Jones*, 110 F.3d 124, 129 (11th Cir. 1996)(internal quotes omitted). One of those "substantial rights" is the right of a defaulting defendant not to have a default judgment entered against him that varies from the relief requested in the

complaint: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). Here, while the relief requested was vaguely worded as being with respect to "the incident of August 28, 2005" due to a breach of the warranty of seaworthiness, the complaint elsewhere defined the incident as involving a 1998 Cobia and identified the unseaworthy vessel as the 1998 Cobia. By failing to appear and defend, the defendant accepted the risk of a default judgment that he had no coverage for his 1998 Cobia, but he did not accept the risk of a default judgment that he had no coverage for his 1973 Bertram. The default judgment covers only the former vessel, and it cannot be amended to cover the latter; the plaintiff cannot deprive the plaintiff the protection of Rule 54(c) by resort to Rule 60(a).

Accordingly, the motion to correct clerical error and to amend final judgment by default is **denied**.

DONE and ORDERED this 24th day of October, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE